COURT OF APPEALS
DECISION
DATED AND FILED

May 24, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2020AP1920**

STATE OF WISCONSIN

Cir. Ct. No. 2014CF450

IN COURT OF APPEALS

DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DEXTER L. CHARLES,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Winnebago County: DANIEL J. BISSETT, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Dexter L. Charles appeals from a circuit court order denying his postconviction motion. He contends that he is entitled to a new trial due to ineffective assistance of counsel. We disagree and affirm.

¶2    On May 30, 2014, Charles sold heroin to a woman named Deanna, who subsequently died from a heroin overdose that same day. The State charged Charles with first-degree reckless homicide as a repeat offender. The matter proceeded to trial.

¶3    At trial, Charles conceded that he sold heroin to Deanna and that she died from a heroin overdose. However, he maintained that Deanna had obtained heroin from others and that he was not the source of the heroin that killed her.[1] The jury rejected this defense and convicted Charles of the charged crime. The circuit court sentenced him to seven years of initial confinement and nine years of extended supervision.

¶4    Several years later, Charles filed a postconviction motion seeking a new trial. He claimed that his trial counsel was ineffective on multiple grounds, including: (1) stipulating to the toxicology report; (2) not challenging a detective's statement at trial about chunky heroin; (3) not introducing evidence of Deanna's purchases prior to buying heroin from him; and (4) not introducing Deanna's journal entry about suicide. After a hearing on the matter, the circuit court denied the motion. This appeal follows. Additional facts are set forth below.

---

[1] Police found unused heroin in Deanna's purse. Charles insisted that the amount found—one bindle—was what he had sold her. The State, meanwhile, cited other evidence (i.e., text messages and a witness) to show that Charles had sold Deanna two bindles. The State theorized that Deanna had consumed one of the two bindles and died as a result.

¶5    On appeal, Charles renews his claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that such performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We need not address both components of the analysis if the defendant fails to make a sufficient showing on either one. *Id.* at 697.

¶6    Appellate review of an ineffective assistance of counsel claim is a mixed question of fact and law. *State v. Pitsch*, 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985). We will not disturb the circuit court's findings of fact unless they are clearly erroneous, but the ultimate determination of whether counsel's performance fell below the constitutional minimum is a question of law we review independently. *See id.* at 634.

¶7    Charles' first claim of ineffective assistance stems from a stipulation to the toxicology report. That report concluded that Deanna died of a heroin overdose. Charles personally entered the stipulation before trial in exchange for the State taking no position on his motion for a continuance. He regrets that decision and suggests that the toxicologist may have assisted his defense.

¶8    We are not persuaded that this first claim amounts to ineffective assistance of counsel. To begin, it was Charles who entered the stipulation to the toxicology report, not his trial counsel. In any event, the stipulation did not hurt Charles' defense, which focused on where the fatal heroin came from, as opposed to what caused Deanna's death.[2] It is speculative to assert that the toxicologist,

---

[2] Deanna's cause of death was not at issue at trial. The medical examiner testified that Deanna died of acute heroin intoxication, and Charles did not challenge that opinion.

who did not testify at the postconviction motion hearing, would have aided that defense.

¶9    Charles' next claim of ineffective assistance stems from a detective's statement at trial about chunky heroin.  On direct examination, Detective Brett Robertson was asked to define "chunky heroin," which was the kind found in Deanna's purse.  In doing so, he noted chunky heroin's purity and explained that with powdery heroin there can be chemicals or drugs added to increase weight.[3]  Charles complains that this statement was confusing and may have led the jury to believe that he added chemicals or drugs to the heroin he sold Deanna.  He blames trial counsel for not challenging it.

¶10    Again, we are not persuaded that this claim amounts to ineffective assistance of counsel.  According to trial counsel's testimony at the postconviction motion hearing, he did not consider challenging Detective Robertson's statement because he believed the jury understood the difference between chunky and powdery substances.  This is a reasonable explanation.  Moreover, there was no argument or evidence presented at trial that Charles sold powdery heroin or added chemicals or drugs to the heroin he sold Deanna.  Thus, Detective Robertson's

---

[3] Detective Robertson's complete answer was as follows:

> It is a term used to describe heroin and the I would say level of pureness of the substance.  If it is -- I would describe it as more of a powder form.  It leads the buyer or the user on to believe that it's been mixed with additional chemicals or other drugs mainly to add weight to the substance.  So in essence you're going to buy a gram of heroin.  Maybe if you're going to sell a bunch more, you want to make money on the transaction, you're going to split those bindles up and add additional substances to that to increase the weight, so-to-speak, so you get more for your money, in essence.

statement about chunky heroin was unlikely to have caused any significant confusion.

¶11     Charles' next claim of ineffective assistance stems from trial counsel's failure to introduce evidence of Deanna's purchases prior to buying heroin from him. Deanna had stopped at a gas station shortly before meeting Charles to purchase gas, cigarettes, and water. Charles believes that a receipt of this cash transaction, which totaled $28.34, would have undermined the State's theory that he sold Deanna two bindles of heroin. Charles bases this belief on the amount of cash Deanna obtained from a bank earlier that day ($100), the amount of cash found in her purse after her death ($7), and the typical cost of a bindle ($40).

¶12     There are several problems with Charles' reasoning. First, there was no evidence regarding how much cash Deanna had in her purse before she went to the bank. Thus, it is possible that she had more than $100 when she made her purchases. Second, there was testimony at trial that the typical cost of a bindle of heroin was between $30 to $40. If Charles had charged the lower rate, Deanna would have had enough cash to make her purchases regardless of what other money she had in her purse.[4] Finally, if Charles is correct in his assertion that he sold only one bindle for $40, that does not explain where the rest of Deanna's money went. Given these problems, which trial counsel acknowledged at the postconviction motion hearing, it is understandable why he chose not to pursue the issue.

---

[4] The gas station purchases ($28.34) plus two bindles of heroin at the lower rate ($60) is less than the amount of cash Deanna obtained from the bank ($100) minus the amount of cash found in Deanna's purse after her death ($7).

5

¶13 Charles' last claim of ineffective assistance stems from trial counsel's failure to introduce Deanna's journal entry about suicide. In her journal, Deanna discussed suicide by overdosing approximately one month before her death. Charles believes this entry would have strengthened his argument that Deanna had obtained heroin from others and that he was not the source of the heroin that killed her.

¶14 Charles' last claim of ineffective assistance fares no better than his earlier ones. As noted by trial counsel at the postconviction motion hearing, it would have been risky to introduce Deanna's journal entry to the jury. After all, suicide was not a defense to the charged crime, and alleging suicide without any evidence beyond the journal entry would not have benefitted the defense. Again, counsel's explanation is reasonable. At any rate, the jury still heard about Deanna's mental health struggles from other witnesses.[5] The jury also heard about Deanna's history of obtaining heroin from others.[6] It is unclear what the journal entry would have added.

¶15 Finally, Charles asserts that the cumulative effect of the above claims amounted to ineffective assistance of counsel. We disagree. Charles has failed to show deficient performance or prejudice as to any of his individual claims. Lumping the claims together adds nothing. *See **Mentek v. State***, 71 Wis. 2d 799, 809, 238 N.W.2d 752 (1976) ("Zero plus zero equals zero.").

---

[5] Deanna's mom testified that Deanna had problems with depression and suicidal thoughts. And, the deputy coroner noted that Deanna wrote in a journal that she was a failure and that she should just end it all.

[6] Two witnesses—Deanna's former boyfriend and an associate of Charles—testified that they had previously provided heroin to Deanna. The associate of Charles also implicated another man as having provided heroin to her.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2021-22).